# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD ALLMAN, II**

    **Plaintiff,**

v.                                         Civil Action Number: 3:23-CV-187
                                               Groh, Trumble, Sims

**CORRECTIONAL OFFICER TIBBS,**
**CORRECTIONAL OFFICER SAMS,**
**CORRECTIONAL OFFICER II REED,**

ELECTRONICALLY FILED
8/7/2023
U.S. DISTRICT COURT
Northern District of WV

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Ronald Allman, II by and through counsel Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Ronald Allman, II (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the North Central Regional Jail (hereinafter "NCRJ").

2. Defendant Correctional Officers Tibbs, Sams, Reed and Does were employed by the West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDOCR") as correctional officers at NCRJ.  Plaintiff alleges that Tibbs, Sams and Does used excessive force against plaintiff by slamming plaintiff's head into the van, by spraying plaintiff with OC and by beating plaintiff while restrained.  Plaintiff was also punched by Reed while being held by other officers.  Defendant Tibbs also sprayed OC into plaintiff's pants and forced him to wear the pants.  Defendants were acting within the scope of his employment and under the color of state law at all times relevant herein and are being sued in their individual capacities.

3. The reckless, deliberate and wrongful acts of Defendants resulted in plaintiff being seriously injured.  Plaintiff further asserts that he is seeking damages up to an amount

commensurate with the amount of insurance coverage when and if applicable to the claims made herein. The incidents herein took place on or about December 17, 2021.

4. All events and occurrences alleged herein occurred in the State of West Virginia.

## **FACTS**

5. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 4 as if set forth herein.

6. At all times relevant herein, Plaintiff was an inmate at NCRJ.

7. As an inmate of the WVDOCR, Plaintiff was taken to a local hospital by van for a medical appointment when he attempted to flee. Plaintiff was unsuccessful and was restrained. Plaintiff allegedly injured the CO that stopped him from fleeing. Defendants Sams and Tibbs traveled from the NCRJ to the hospital to transport plaintiff back to the NCRJ. When moving plaintiff to the van for transport, Defendant Tibbs ran plaintiff's head into the van and cracked the windshield. After being placed in the van, plaintiff was secured and unable to move. On the trip back to the facility, defendants Tibbs and Sams sprayed plaintiff with OC without any just cause and for the purpose of punishing plaintiff. Upon arrival at the NCRJ, plaintiff was taken into the facility where he was beaten by Tibbs and Reed as well as other Doe defendants[1]. The beating caused plaintiff serious physical and emotional injuries that included bruising to his face and body as well as cuts and abrasions. The defendants were mad at plaintiff because of perceived injuries suffered by the officer that had transported plaintiff to the hospital. Upon information and belief, Defendant Reed may have been related to the CO that transported plaintiff to the hospital. Upon plaintiff's return to the NCRJ, Defendant Reed asked "Can I get one?," meaning a punch. Defendant Reed then punched plaintiff while restrained and held by other COs. The beating caused

---

[1] Defendant Sams knew that this conduct was taking place.

plaintiff to defecate.

8. Plaintiff was not a threat to officers Tibbs, Sams, Reed, the Does, himself or state property at the time the defendants used unnecessary force against plaintiff. Defendants were angry with plaintiff and used force against plaintiff with the specific purpose of punishing and injuring plaintiff for what had occurred at the hospital parking lot. Defendants failed to employ any efforts to temper prior to using the excessive and unnecessary force against plaintiff. Plaintiff suffered a loss of a tooth, cracked teeth, cuts and bruises to his face, as well as bruises to his body.

9. Defendants' conduct, carried out under the color of state law, violated WVDOC's policy and procedure which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDOC. This conduct also violated plaintiff's right to be free from excessive and unnecessary physical force in violation of the Eighth/Fourteenth Amendments to the United States Constitution. At no time was plaintiff a threat to the defendants named herein and at no time did plaintiff threaten the defendants.

## COUNT I - VIOLATION OF 42 USC §1983

10. Plaintiff realleges and incorporates paragraphs 1 through 9 above as if fully set forth herein.

11. Defendants became angry when they learned of Plaintiff's attempt to flee from custody. Without using any efforts to temper, Defendant Tibbs then slammed Plaintiff's head into the van with such force that it broke the windshield. These defendants, Tibbs and Sams also sprayed plaintiff with OC while he was in restraints and secured in the van. Upon arrival at the NCRJ, other COs, including Reed, were waiting and also participated in plaintiff's beating. Defendant Tibbs also sprayed OC into plaintiff's pants and forced him to wear the pants. This was done as punishment and retaliation for plaintiff trying to flee. Plaintiff was secured after his

attempt to flee and was not a danger to those transporting him or those at the jail.   This conduct was unwarranted, unnecessary and unjustified. Defendant's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State of West Virginia.   The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America.  Defendants' use of excessive force and comments about teaching plaintiff a lesson demonstrate the malicious and retaliatory nature of the conduct.

13.     The use of force on Plaintiff when he posed no threat to others was a violation of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity.  Defendants' use of excessive force was cruel and unusual punishment.  This cruel and unusual punishment was carried out without any just cause and was completely unwarranted.  Correctional officers such as the defendant receive training that identifies such conduct as a constitutional violation of an inmate's rights.  The failure to make any efforts to temper and the verbal threats/taunts made by the defendant are further evidence of defendants' malicious conduct.

14.     The conduct of the Defendants was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's right to be free from excessive force under the Eighth/Fourteenth Amendments.  Further, Defendants' acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights.

15.     As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's conduct and is therefore entitled to compensatory damages

as well as punitive damages against the defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

RONALD ALLMAN,
By Counsel,

/s/Paul M. Stroebel
Paul M. Stroebel (WV Bar #5758)
Attorney for Plaintiff
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroeb@aol.com